Edward G. Baker, J.
Plaintiff seeks in this action to enjoin the use by defendant of the word “ bootery ” in connection with the conduct of its business.
For the past six years, plaintiff has been engaged in the business of the sale at retail of women’s shoes. Its store is located at 1355 Broadway, Brooklyn, N. Y. For about 20 years prior to the establishment of plaintiff’s business at said address, one Louis Goodwin, now the president and principal stockholder of defendant corporation, operated a store for the sale of women’s and children’s shoes at 1349 Broadway, Brooklyn, N. Y. (two doors removed from plaintiff’s establishment), under the name and style “ Natural Bridge Shoe Shop ”. For many years, and until the month of September, 1960 there was affixed above defendant’s store-front a sign bearing the words “ Natural Bridge ’ ’.
From the time of the establishment of its business, there has been affixed to the building above plaintiff’s store-front a large sign bearing the words “ Brooklyn bootery,” the word “ bootery ’’being emphasized by the use of capital letters which extend practically the entire length and height of the sign.
Defendant corporation was formed in or about the month of January, 1960. In September of that year, defendant removed *957 the sign which theretofore had been displayed above its storefront and replaced it with an illuminated sign bearing the words ‘1 Lewis bootery, Inc.,” emphasis being placed upon the word “ bootery ” by the use of capital letters which occupy the larger part of the sign area. Preceding this word on the defendant’s sign, and in alignment with it, is the word ‘ ‘ Lewis ’ ’ spelled out in smaller capital letters, each of these letters being illuminated from behind by a light of a different color. While the word “ bootery ” is emphasized by the size of the letters employed and the sign-space occupied by those letters, it is clear that the word “Lewis” would be apparent even to casual observers of the sign. The likelihood of confusion in the minds of customers or prospective customers of plaintiff is, at best, remote, and the proof offered upon the trial was insufficient to establish that there had been confusion in fact.
The evidence indicates that the word “ Bootery ” is a descriptive word in common use throughout the Borough of Brooklyn and the other boroughs of the City of New York, to identify establishments where shoes are sold. In Webster’s New International Unabridged Dictionary (2d ed. 1939) the word is defined as “ A place where boots and shoes are sold.” Within the Borough of Brooklyn alone, there are many establishments which employ the word, and a number of these are located within a radius of no more than a mile of the stores operated by the parties to this action.
The evidence does not support plaintiff’s claim that the name was adopted by the defendant for the purpose of deceiving or misleading the public, or with intent to capitalize upon the reputation and good will of plaintiff. Nor are the design or format of defendant’s billheads and display tags, or of the “ sock linings ” placed in shoes manufactured for sale under defendant’s name, indicative of such an intent. The proof does not indicate that there was any deliberate simulation by defendant of the marks or designs employed by plaintiff in connection with the display and sale of its merchandise; and it has not been established that there has been confusion in the public mind as to the identity of the two stores.
It 'is true, as plaintiff maintains, that actual proof of deception, misrepresentation, confusion or loss of business is not an essential element of plaintiff’s case in an action based upon a claim of unfair competition; but the likelihood thereof must, at least, be shown (Hill’s Supermarkets v. Stony Brook Dairies, 7 A D 2d 756).
Accordingly, judgment is directed in favor of defendant dismissing plaintiff’s complaint, without costs. The above is the *958 court’s decision in accordance with section 440 of the Civil Practice Act. Motions made by either of the parties during the course of the trial, upon which decision was reserved, are granted or denied consistent with this decision.